IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IBEW Local 595 Trust Funds<br><br>    Plaintiff,<br><br>  v.<br><br>Trinity Associates, Inc.,<br><br>    Defendant.<br>_____/ | No. C 10-5749-SBA<br><br>**REPORT AND RECOMMENDATION TO STAY ACTION AND VACATING HEARING DATE ON MOTION FOR DEFAULT JUDGMENT** |

    Plaintiffs are IBEW Local 595 Health & Welfare Trust Fund, IBEW Local 595 Pension Trust Fund, IBEW Local 595 Money Purchase Pension Trust Fund, IBEW Local 595 Vacation Fund, IBEW Local 595 Apprentice & Training Fund, Electrical Contractors Trust, Contract Administration Fund and Labor Management Cooperation Fund (collectively, "Trust Funds"); Electrical Industry Service Corporation ("EISC"), the collection agent for the Trust Funds; and Victor Uno and Don Campbell in their capacities as trustees of the trust funds and officers of EISC ("Trustees"). The Trust Funds are employee benefit plans and multiemployer plans. Plaintiffs filed suit against Defendant Trinity Associates, Inc. d/b/a Groom Electric Company, a California electrical industry employer, and Does 1-10 pursuant to the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. §§ 1132, 1145, alleging Defendants' failure to make required

1  contributions to trust funds jointly managed by union and employer representatives pursuant to a
2  collective bargaining agreement.
3      After Defendant failed to respond to Plaintiffs' complaint, default was entered on January
4  19, 2011.  *See* Docket No. 7.  Plaintiffs thereafter moved for default judgment and requested the
5  dismissal with prejudice of the action against Defendants Does 1-10.  *See* Docket Nos. 8 & 9.  On
6  February 18, 2011 Judge Saundra Armstrong referred the matter to this Court for a report and
7  recommendation on the motion for default judgment.
8      On May 4, 2011, counsel for Plaintiffs notified the Court that Defendant had filed for
9  bankruptcy under Chapter 7 of Title 11 of the United States Code.  The Court then conducted a
10 review of the docket for the United States Bankruptcy Court, Northern District of California, and
11 found that Trinity Associates, Inc. d/b/a Groom Electric Company, located at 2611 Gading Road,
12 Hayward, CA 94544 had filed for bankruptcy under Chapter 7 on February 2, 2011.  *See In re*
13 *Trinity Associates, Inc.*, Case No. 11-41195-EDJ-7.  Trinity Associates, Inc. d/b/a Groom Electric
14 Company is the same as Defendant here, and has the same address (2611 Gading Road, Hayward,
15 CA 94544) as that which Plaintiffs allege is Defendant's address.  *See* Compl. ¶ 9.
16     Under the Federal Rules of Evidence, a court make take judicial notice of a fact that is "not
17 subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction
18 of the trial court or (2) capable of accurate and ready determination by resort to sources whose
19 accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Lee v. City of Los Angeles*,
20 250 F.3d 668, 688-690 (9th Cir. 2001).  Relevant to the proceedings here, a court may take judicial
21 notice of the existence of undisputed matters of public record.  *Lee*, 250 F.3d at 689-90; *see also*
22 *Papai v. Harbor Tug & Barge Co.*, 67 F. 3d 203, 207 (9th Cir. 1995), overruled on other grounds by
23 *Papai v. Harbor Tug & Barge Co.*, 520 U.S. 548 (1997) (a court may take judicial notice of orders
24 and decisions in other courts or administrative agencies).  Pursuant to 11 U.S.C. § 362(a)(6), any act
25 to recover a claim against the debtor that arose before the commencement of a Chapter 7 bankruptcy
26 proceeding must be stayed during pendency of the bankruptcy case.  *See Lester v. U.S.*, 312 Fed.
27 Appx. 55, 55-56 (9th Cir. 2009).
28

The Court takes judicial notice, then, of the fact that Defendant has filed for Chapter 7 bankruptcy, and recommends that the action be stayed pending bankruptcy case number 11-41195-EDJ-7.  The hearing scheduled for June 16, 2011 is vacated.   Any party may file objections to this report and recommendation with the Judge Armstrong within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Civil L.R. 72-2.

Dated: May 6, 2011

DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE